# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Oren J. Warshavsky
direct dial: 212.589.4624
owarshavsky@bakerlaw.com

July 8, 2022

**VIA ECF**

Hon. Valerie E. Caproni
U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Libra Max v. Barbara H. Urbach Lissner*, 22-cv-5070 (VEC)

Dear Judge Caproni:

This firm represents Defendant Barbara H. Urbach Lissner in the above-referenced proceeding. The plaintiff, Libra Max, is represented by the law firm of Schlam Stone & Dolan LLP. We write pursuant to Your Honor's Individual Rules requesting to seal documents submitted as part of Ms. Lissner's motion to dismiss the plaintiff's complaint.

The subject of Ms. Max's Complaint is a guardianship proceeding concerning her father, Peter Max, which is pending before Judge Sokoloff in New York Supreme Court, Index No. 500198/2015 (the "Guardianship Proceeding"). The Guardianship Proceeding is kept under seal; even the docket is unavailable to public perusal—it is unavailable to the public or any party outside of those parties to the Guardianship.

On June 14, 2022, Ms. Max filed a complaint, identical to the one filed in this action, in New York Supreme Court, Index No. 155000/2022 (the "State Court Action"), NYSCEF No. 1 (attached as Exhibit D to the Declaration of Oren J. Warshavsky). On June 16, 2022, Judge Adam Silvera, *sua sponte*, issued an Order that: (1) Ms. Max's State Court Action is found to be a related action to Peter's Guardianship Proceeding; (2) Ms. Max's State Court Action is to be joined with Peter's Guardianship Proceeding pending before Judge Sokoloff; and (3) the file and records in Ms. Max's State Court Action are to be sealed (attached as Exhibit F to the Declaration of Oren J. Warshavsky). On June 16, 2022, Ms. Max filed a Notice of Discontinuance in the State Court Action (attached as Exhibit G to the Declaration of Oren J. Warshavsky) and filed the identical complaint in this Court, initiating the instant action, and annexing the same 17 exhibits.

The reason for this request is that Ms. Lissner is filing a motion to dismiss Ms. Max's complaint. The primary basis of Ms. Lissner's motion is that this Court lacks subject matter jurisdiction to adjudicate this matter because Ms. Max has repeatedly raised the same issues in the Guardianship Proceeding (in front of more than one judge) and the New York Supreme Court has rejected Ms. Max's claims. In support of her motion, Ms. Lissner submits: a) the Declaration of Ms. Elizabeth Adinolfi, court-appointed attorney for Peter Max; b) Declaration of Adam Max, Peter Max's son and Ms. Max's brother; c) Declaration of Oren J. Warshavsky, the undersigned, as counsel to Ms. Lissner; and d) court orders and filings from the Guardianship Proceeding. All of these documents were either filed in the sealed Guardianship Proceeding or contain information concerning the proceedings in the Guardianship Proceeding.

Given the very public nature of Ms. Max's complaint—including that Rolling Stone Magazine published a detailed story at about 9:00 AM on the day it was filed in New York State Court—it would be in the best interest of Ms. Lissner to publicly file these documents. However, as the Guardianship is sealed, Ms. Lissner believes it is her duty as court-appointed guardian to maintain this information under seal. This was further reinforced by Judge Adam Silvera, who marked Ms. Max's complaint in the State Court Action as related to the Guardianship Proceeding and ordered that all records therein be sealed. It also is important because Ms. Max—who has employed over 25 attorneys in the Guardianship Proceeding—routinely has accused Ms. Lissner of violating various obligations to keep Guardianship matters confidential.

Accordingly, Ms. Lissner respectfully requests that Ms. Adinolfi's declaration, Mr. Max's declaration, my declaration, and the documents attached thereto be filed under seal. *See United States v Sater*, 98-CR-1101 (ILG), 2019 WL 3288389, at *4 (E.D.N.Y. July 22, 2019) (sealing documents, under principles of comity, because they were sealed in a related proceeding) (citing *Doe v Lerner*, 688 Fed App'x 49, 51 (2d Cir 2017)). Ms. Lissner also requests to submit her memorandum of law under seal as it relies upon information in the documents requested to be sealed.

We have notified Ms. Max's counsel of our request to file under seal. Though we provided the above description on July 6, 2022, Ms. Max's counsel, Jeffrey Eilender of Schlam Stone, said that, without reviewing each document, he objects to any sealing. Mr. Eilender also advised that without his explicit consent, that we should understand that it was not provided. The majority of the documents were provided to Schlam Stone on the evening of July 6, 2022; the Declaration of Adam Max was provided on July 7, as soon as it was signed; and the Declaration of Elizabeth Adinolfi, as well as my declaration, were provided today as soon as they were signed. Our records show that Mr. Eilender and another attorney from his firm, Christopher Dyess, reviewed at least some of the available documents on July 6 and July 7. As of this writing, no consent to file any of these documents under seal has been provided, despite the fact that, other than the declarations prepared for this motion, they all stem from the sealed Guardianship Proceeding. It is unclear why Ms. Max is withholding consent to file these sealed Guardianship-related documents under seal here.

Because of the very contentious nature of the Guardianship Proceeding, and Ms. Max's repeated allegations of wrongdoing by Ms. Lissner (which include allegations of breaches of

confidentiality), Ms. Lissner intends to furnish this letter (as well as any response and the ultimate ruling) to the court presiding over the Guardianship Proceeding.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/Oren J. Warshavsky*

Oren J. Warshavsky

Cc: Counsel of Record (via ECF)